## Kushequa Railroad Company, Appellant, *v.* Pittsburg, Shawmut and Northern Railroad Company.

*Railroads—Location of road—Crossing—Conflicting claims to location.*

Where a railroad company has legally located and adopted its line of railroad, and established the grade thereof, and has proceeded within two years from its incorporation to construct its road, it has during the five years from its incorporation, a vested interest in its whole right of way, although a portion may not have been reached in the laying of the tracks; and if another railroad subsequently incorporated lays its tracks across such unoccupied portion of the right of way, the former company may remove the tracks thus laid.

Argued May 6, 1901. Appeal, No. 276, Jan. T., 1900, by plaintiff, from decree of C. P. McKean Co., Dec. T., 1899, No. 1,

on bill in equity in case of Kushequa Railroad Company v. The Pittsburg, Shawmut and Northern Railroad Company.   Before McCOLLUM, C. J., MITCHELL, FELL, BROWN and POTTER, JJ. Affirmed.

Bill in equity for an injunction.

From the record it appeared that the defendant was a consolidated company, and that the Smethport and Olean Railroad Company, incorporated on December 5, 1895, was one of the constituent companies that went to make up the consolidated company.   On December 12, 1895, the Smethport and Olean Railroad Company located its right of way across a farm known as the Pelton farm, and on the same day this location was duly adopted by the board of directors.   The company began the construction of its road within two years from the date of its incorporation, but at the time the bill was filed on October 4, 1899, it had not reached the Pelton farm in the laying of its tracks.   In the mean time on May 9, 1898, the Kushequa Railroad Company was incorporated, and on the morning of October 4, 1899, laid 1,300 feet of road in a hasty and crude manner across the defendant's right of way on the Pelton farm. The court granted the appellant a preliminary injunction which was subsequently dissolved, MORRISON, J., filing an opinion, which was in part as follows :

. From the foregoing findings of fact and conclusions of law, it follows that the preliminary injunction granted on October 4, 1899, and continued in force by decree of October 16, 1899, must be dissolved; that the defendant company has a lawful right to construct its railroad across the Pelton farm on the location and grade adopted by the Smethport and Olean Company on December 12, 1895, and that the defendant company has the legal right to remove so much of the plaintiff company's railroad as lies across its sixty feet of right of way over the Pelton farm.   It also follows that upon satisfying the court that it has legally located and adopted a route for its road over the Pelton farm and across the defendant's located line, the plaintiff company will be entitled to a decree regulating an overhead crossing by its road, of the road of the defendant company.

In view of the fact that both parties to this controversy con-

tended, all through the trial, that there ought to be an overhead crossing at the point of intersection of the two roads on the Pelton farm, it hardly seems necessary to consider the question of a grade crossing. The complainant company contends that having constructed its road first at the point of crossing, the respondent company must cross overhead. At no time during the trial has the complainant company contended for a grade crossing.

On the other hand the respondent company contends that by its prior location and lawful adoption of its line and grade across the Pelton farm, it acquired the right to construct its road on its grade, and that the complainant is the crossing road.

The location of a railroad by survey, etc., is a taking and appropriation of the land, although the actual construction is not begun for years afterward: Pittsburg, etc., Ry. Co. v. Commonwealth, 101 Pa. 196.

The rights of the first occupant of the ground are superior to those of the new claimant. The clear intent of the act is that no unnecessary injury shall be perpetrated on the road sought to be crossed : Pittsburg, etc., R. R. Co. v. Southwest Penna. Ry. Co., 77 Pa. 173, 186.

We are of the opinion that under the evidence in the case in hand, the respondent company was the first occupant of the ground in dispute by its survey and staking out its line, fixing its grade and adopting the same on December 12, 1895.

The general railroad Act of February 19, 1849, P. L. 83, giving a general authority to lay out and construct a railroad between designated termini, confers the right to cross the tracks of another company, by necessary implication, when absolutely necessary to carry out the grant of the franchise.

The Act of June 19, 1871, P. L. 1360, providing that the court shall " ascertain and define the mode of crossing which will inflict the least practical injury upon the rights of the road which is intended to be crossed, and if in the judgment of the court it is reasonably practicable to avoid a grade crossing, they shall by their process prevent a crossing at grade," construed in accordance with our present surroundings, should be held to prevent all grade crossings except in case of imperious necessity. And the necessity must not be of its own creation, as by locating the line in one place when another route is practicable.

The fact that the capital of a railroad is limited is not sufficient reason to justify a grade crossing; nor that the road is a local road through a sparsely settled country, with a limited amount of business and but few trains.

The act of April 4, 1868, giving railroad companies the right to cross at grade the tracks of any other railroad, is modified by the act of 1871, the purpose of the latter act being the protection of the rights of the public and prior corporations.

Article 17, section 1 of the constitution, providing that every railroad company shall have the right, with its road, to intersect, connect with or cross any other railroad, does not refer to or authorize grade crossings; and a decree preventing a grade crossing does not conflict with this provision of the constitution: Perry Co. R. R. Extension Co. v. Newport & Sherman's Valley R. R. Co., Appellant, 150 Pa. 193.

The courts will liberally construe and rigidly enforce the provisions of the act of June 19, 1871, relating to grade crossings, whenever cases fairly within its letter and spirit are presented: Pittsburg Junction R. R. Co., Appellant, v. Fort Pitt Street Passenger Ry. Co., 192 Pa. 44.

The purpose of the Act of June 19, 1871, P. L. 1360, was to discourage grade crossings, and absolutely prohibit them where it was reasonably practicable to avoid them. What is reasonably practicable under such circumstances is determined largely by what is physically practicable, and not what is practicable to the treasury of the road seeking to cross. The cost of avoiding a grade crossing is a matter to be considered in projecting the new road, and then sufficient capital should be provided to avoid that which the law in effect condemns: Williams Valley R. R. Co., Appellant, v. Lykens & Williams Valley St. Ry. Co., 192 Pa. 552.

Under the facts in this case and the authorities above cited, we do not see how a grade crossing could have been allowed on the Pelton farm if it had been urged. But the parties have relieved us of any difficulty on this score by both contending for an overhead crossing.

Counsel may prepare a decree in harmony with our findings of fact, conclusions of law, and opinion, and present the same for consideration and signing.

And now, to wit: March 15, 1900, this cause came on for further and final hearing, upon bill, answer, replication and proofs, and was argued by counsel, requests for findings of fact and conclusions of law and written briefs being submitted to the court by counsel for both parties, and thereupon, upon full consideration thereof, it is ordered, adjudged and decreed as follows, viz:

That the preliminary injunction granted in this case on October 4, 1899, and continued in force by decree of October 16, 1899, is dissolved.

That defendant may construct, maintain and operate its railroad across the Pelton farm at or near Farmers valley, in Keating township, McKean county, Pennsylvania, on the location and grade adopted by the Smethport and Olean Railroad Company, on December 12, 1895.

That defendant may remove so much of plaintiff company's railroad as lies across defendant company's sixty feet of right of way over the said Pelton farm.

That plaintiff, its officers, agents, servants and employees, in no way or manner interfere with the defendant in constructing, maintaining and operating its railroad across said Pelton farm on the location and grade adopted by the Smethport and Olean Railroad Company on December 12, 1895, or in removing so much of plaintiff's railroad as lies across defendant's sixty feet of right of way over the said Pelton farm.

That plaintiff shall not cross at grade with its railroad the said located and adopted route and line of road of defendant.

That plaintiff shall not cross with its railroad, the said located and adopted route and line of road of defendant, with an overhead crossing without procuring from this court a decree regulating such overhead crossing. And the court reserves the right to make such decree hereafter in this case on motion of plaintiff on reasonable notice to defendant.

That plaintiff pay to defendant its reasonable costs, in its behalf, in this case sustained.

*Error assigned* was the decree of the court.

*Eugene Mullin* and *J. W. Bouton*, with them *F. D. Gallup*, for appellant.

*John G. Johnson*, with him *Frank Sullivan Smith, Edwin E. Tait* and *Gorton & Richmond*, for appellee.

PER CURIAM, October 11, 1901:

In our examination of the numerous assignments of error, we have failed to detect anything which would justify a reversal or modification of the decree. We therefore dismiss the assignments and affirm the decree upon the opinion of the learned judge below.

Decree affirmed.